UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

     Plaintiff,

 v.

MYLES STEELE, *et al.*,

     Defendants.

Case No. MJ20-252

ORDER

## I. INTRODUCTION

This matter is before the Court on Defendants Steele and Ferner's request that the Court dismiss the complaint in this action for lack of probable cause. (Dkt. ## 22, 34.) Defendants argue the government is unable to establish probable cause that they committed the alleged offenses because they did not enter the United States by their own volition. (Dkt. # 34 at 1.) The government submitted supplemental briefing in opposition (dkt. ## 25, 36) and Defendants filed supplemental briefing (dkt. # 34). Having considered the parties' submissions, the balance of the record, and the governing law, the Court orders that Defendants' motion is DENIED.

ORDER - 1

## II.  BACKGROUND

The complaint alleges that on May 15, 2020, Defendants traveled by vehicle from Red Deer, Alberta, Canada, to British Columbia, Canada, to retrieve controlled substances. (Dkt. # 22 at 3.) Defendant Steele, the driver, utilized GPS to search for their destination, Save-On-Foods, in Langley, British Columbia. (*Id.* at 2.) According to the defense, during their travels, Defendants took a wrong turn and proceeded down a one-way street towards the United States-Canada border. (*Id.* at 3.) It does not appear to be disputed that Defendants did not intend to enter the United States. (*Id.*) For example, it is undisputed that Defendants are Canadian citizens and were not carrying proper identification documents to cross the border when they entered the port of entry. (Dkt. ## 22 at 3, 34 at 2.) It also appears that Defendants were in a truck holding area when United States border patrol officers waved Defendants to them and informed them they would need to proceed into the United States in order to return to Canada. (Dkt. # 34 at 3-4.) After entering the port of entry, the complaint alleges that border patrol officers discovered controlled substances in Defendants' vehicle. (Dkt. # 22 at 2-3.) Defendants were subsequently charged with Possession of Methamphetamine and Cocaine with Intent to Distribute. (Compl. (Dkt. # 1).) Defendant Steele appeared for his preliminary hearing on June 1, 2020, and Defendant Ferner appeared for his preliminary hearing on June 3, 2020. (Dkt. ## 23, 26.) The Court continued the preliminary hearings and conducted an additional hearing on June 11, 2020. (Dkt. # 39.)

## III.  DISCUSSION

### A.  Legal Standards

Pursuant to Federal Rule of Criminal Procedure 5.1(e), at the preliminary hearing, the defendant may cross-examine adverse witnesses and may introduce evidence but may not object

ORDER - 2

to evidence on the ground that it was unlawfully acquired. If the magistrate judge finds probable cause to believe an offense has been committed and the defendant committed it, the magistrate judge must promptly require the defendant to appear for further proceedings.

Neither the criminal procedural rules nor criminal code define "probable cause." Case law establishes, however, that in the context of preliminary hearings, "[p]robable cause signifies evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt." *Coleman v. Burnett,* 477 F.2d 1187, 1202 (D.C. Cir. 1973) (citations omitted); *In re Szepietowski,* 2009 WL 187568, *4 (E.D.N.Y. 2009) (In an extradition case, "[p]robable cause has been defined as the level of evidence 'sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt.'") (citations omitted).

Pursuant to 21 USC § 841(a)(1), it is unlawful for an individual to knowingly or intentionally "manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." The Ninth Circuit Model Criminal Jury Instruction 9.15 requires, in relevant part, that: (1) the defendant knowingly possessed the controlled substance; and (2) the defendant possessed it with the intent to distribute it to another person.

**B.     Analysis**

The question before the Court is whether there is probable cause to believe Defendants possessed controlled substances in the United States with the intent to distribute, triggering United States jurisdiction. Defendants argue border patrol officers forced them to cross the border by waving them into the port of entry and advising them that they needed to proceed through the United States to return to Canada. The government argues that even if the

ORDER - 3

Defendants did not initially intend to enter the United States, they did in fact drive to the border of their own freewill, albeit their only other options were to violate Canadian traffic laws by either reversing up the one-way street or by abandoning their vehicle.

Two categories of caselaw are raised by the parties: (1) in-transit cases; and (2) high-seas cases. In-transit cases involve defendants that possess controlled substances with an intent to sell in a foreign country who board international flights with scheduled stops in the United States. Courts have found that an intent to distribute controlled substances in a foreign country satisfies the intent element under 21 U.S.C. § 841(a)(1) "so long as the intent coincides at some point with possession in the United States." *United States v. Bonfant,* 660 F.Supp. 509, 511 (D.P.R. 1987) (citing *United States v. Montoya,* 782 F.2d 1554, 1555 (11th Cir. 1986)); *United States v. Muench,* 694 F.2d 28, 33 (2d Cir. 1982); *United States v. Madalone,* 492 F.Supp. 916, 920 (S.D. Fla. 1980); *United States v. Gomez-Tostado*, 597 F.2d 170, 172 (9th Cir. 1979). High seas cases involve drug seizures in waters outside the United States territory. Courts have held that possession with intent to distribute does not apply to vessels on the high seas unless the "intent to distribute" is an intent to distribute in the United States. *United States v. Hayes*, 653 F.2d 8, 15 (1st Cir. 1981).

Here, it appears the parties concede Defendants erred in turning down the one-way street funneling into the port of entry. However, the Court finds this mistake alone is insufficient to establish a lack of probable cause. A person of ordinary prudence could reasonably believe that at the time Defendants crossed into the United States, they possessed controlled substances that they intended to distribute. The same is true even if border patrol agents used scare tactics to lure Defendants into the United States, as alleged by Defendants.

The Court finds the caselaw cited by the government persuasive. In *Gomez-Tostado*, the defendant engaged in a scheme to transport controlled substances from Mexico to Texas then to California back into Mexico to avoid Mexican road blocks intended to stop the flow of narcotics. 597 F.2d at 172. The defendant was apprehended in California and charged with 21 U.S.C. § 841(a)(1). *Id.* The defendant argued 21 U.S.C. § 841(a)(1) does not proscribe possession of a controlled substance with intent to distribute where the defendant intends to distribute the substance in a foreign country and where the intent to distribute drugs was formed in a foreign country. *Id.* The court found that the location where the defendant first formed his intent to distribute did not matter and there was no question that defendant had both possession of and intent to distribute heroin at the time he was arrested in the United States. *Id*. at 173.

Other caselaw cited by the government further supports a finding of probable cause in this matter. *See United States v. Ocampo-Guarin*, 968 F.2d 1406 (1st Cir. 1992) (affirming conviction for 21 U.S.C. § 841 for possession of narcotics during layover, even when there was no evidence defendant knew of scheduled stop in the United States); *United States v. Franchi-Forlando*, 838 F.2d 585. 587 (1st Cir. 1988) (finding that the government does not have to prove that a defendant knew that the plane would stop in the United States); *United States v. McKenzie*, 818 F.2d 115, 120 (1st Cir. 1987) (refusing to permit an exception from prosecution for violation of 21 U.S.C. § 841 for "international travelers who choose to pass through this country, however briefly"); *United States v. Muench*, 694 F.2d 28 (2d Cir. 1982) (layover in United States on international flight triggered United States jurisdiction under 21 U.S.C. § 841). Here, the Court finds there is probable cause that Defendants had both possession of and intent to distribute controlled substances when they entered the United States, despite their apparent lack of intent to sell the controlled substances in the United States.

ORDER - 5

Defendants argue *United States v. Cafiero*, 211 F.Supp.2d 328 (D. Mass. 2002) is analogous to the instant matter. In *Cafiero*, the defendant, an Italian Citizen, boarded a flight from Cancun, Mexico, to Rome, Italy, while possessing controlled substances. 211 F.Supp.2d at 329. The defendant caused a disturbance on the flight and the Federal Aviation Administration diverted the plane to make an unscheduled stop in Boston. *Id.* at 330. After the plane landed, authorities searched the defendant and found cocaine. *Id.* The defendant was subsequently charged with a violation of 21 U.S.C. § 841(a)(1). *Id.* at 328.

In determining whether probable cause existed, the *Cafiero* court considered that the defendant was a foreign citizen who was on an international flight with no scheduled stops in the United States. *Id.* at 330. The court acknowledged that the majority of cases hold that intent to distribute in a foreign country satisfies the intent element under 21 U.S.C. § 841(a)(1), however, it found those cases distinguishable because the defendants willingly boarded flights with scheduled stops in the United States. *Id.* at 332. The court found that in the matter before it, the plane was in international airspace at the time it was unexpectedly ordered to land in the United States, thus constituting an extraterritorial seizure and involuntary entry into the United States. *Id.* The record did not indicate that the flight requested any assistance from the United States or any unscheduled landing. *Id.* at 329. The court found that because the defendant's presence in the United States was caused solely by the government's extraterritorial seizure, there was no probable cause and dismissed the complaint. *Id.* at 333-34.

The Court finds the facts in the instant matter distinguishable from *Cafiero*. Although Defendants may not have intended to enter the United States, they ultimately faced a decision to either cross the border or be subjected to potential Canadian traffic infractions, and Defendants chose to proceed into the United States. Unlike the plane in *Cafiero* that was in international

ORDER - 6

airspace over the United States, Defendants were in control of their vehicle on Canadian soil when they followed the border patrol officers' directions to enter the port of entry. The Court finds this matter more analogous to the in-transit cases holding possession with intent to distribute controlled substances in a foreign country satisfies the intent element under 21 U.S.C. § 841(a)(1) even when defendants board international flights not knowing there is a scheduled stop in the United States. Based on the record before the Court, the government has established probable cause that Defendants entered the United States while possessing controlled substances that they intended to distribute. Accordingly, the Court finds probable cause and denies Defendants' motion.

## IV.   CONCLUSION

For the foregoing reason, the Court DENIES Defendants' motion to dismiss the complaint for lack of probable cause.

Dated this 15th day of June, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge